NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

20-P-15

COMMONWEALTH

vs.

ZAHIR Z.,[1] a juvenile.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The juvenile appeals from a judge's order revoking his probation, arguing that the original imposition of drug screening as a condition of probation was improper and that there was insufficient evidence that he committed the three violations found. We affirm.

Background. In November 2018, in connection with two complaints, the juvenile pleaded delinquent to charges of disturbing the peace, minor in possession of a BB gun, and assault and battery. The judge sentenced the juvenile to one year of probation on both dockets, and imposed the following special conditions of probation: abstain from alcohol, drugs, and marijuana and submit to random testing; comply with his

_____

[1] A pseudonym.

mental health evaluation and treatment plan as prescribed; have no avoidable contact with and stay away from the victim and codefendant from the assault and battery case; have no gang involvement; possess no weapons; take medication as prescribed; work with providers; and engage in a local youth group.

Within weeks of starting probation, the juvenile missed two appointments with his probation officer on December 13, 2018, and December 27, 2018. He subsequently made up those appointments, attending one meeting with his mother and the other with his social worker. He also failed a drug test for marijuana on December 17, 2018. On January 18, 2019, probation issued a probation violation notice for: failing to appear as required to his probation officer for the two missed meetings; the failed drug screen; and "gang involvement/signs" on November 28, 2018, and December 14, 2018. For the next three weeks, the juvenile made no contact with his probation officer. On February 8, 2019, probation issued a second notice of probation violation, which outlined the same violations as the first, as well as his whereabouts being unknown since January 18, 2019.

After a hearing on February 26, 2019, the judge found the juvenile in violation based on the missed probation visits, the juvenile's whereabouts being unknown, and the positive drug screen for marijuana. Although the judge found the juvenile in violation of probation for a positive marijuana urine test, she

2

stated that the "bigger concerns and issues are the fact that [the juvenile] was not meeting with his [p]robation [o]fficer, and that he went whereabouts unknown for three weeks." As for the failed drug test, the judge stated, "So, let me just make clear, I'm going to take the [failed drug] test, but that is not what I'm basing the violation on" and "to me this is collateral information." The judge revoked the juvenile's probation and sentenced him to the custody of the Department of Youth Services (DYS) to age eighteen.

Discussion. "A probation revocation hearing involves a two-stage process, in which a judge first determines whether a probationer violated a condition of probation and then, if so, decides whether the violation warrants revocation." Commonwealth v. Joyner, 467 Mass. 176, 189-190 (2014). "The standard of proof in a probation revocation proceeding is the civil standard of preponderance of the evidence." Commonwealth v. Hill, 52 Mass. App. Ct. 147, 154 (2001). We review to determine "whether the record discloses sufficient reliable evidence to warrant the findings by the judge that [the probationer] had violated the specified conditions of his probation." Commonwealth v. Morse, 50 Mass. App. Ct. 582, 594 (2000).

"If the judge determines that the defendant is in violation, . . . [h]ow best to deal with the probationer is

within the judge's discretion."  Commonwealth v. Durling, 407
Mass. 108, 111 (1990).  "[A] judge's discretionary decision
constitutes an abuse of discretion where we conclude the judge
made a clear error of judgment in weighing the factors relevant
to the decision . . . such that the decision falls outside the
range of reasonable alternatives."  L.L. v. Commonwealth, 470
Mass. 169, 185 n.27 (2014) (quotation omitted).

1.  Missed probation meetings.  It is uncontested that less
than a month after being placed on probation, the juvenile
missed two scheduled meetings with his probation officer with no
contemporaneous communications explaining his absence.  On
appeal, the juvenile argues that the judge erred because the
violation was not willful.  He claims that because he made up
the meetings promptly, he therefore acted in good faith, and did
not violate the condition of his probation.  We disagree.

"A defendant can be found in violation of a probationary
condition only where the violation was [willful]."  Commonwealth
v. Henry, 475 Mass. 117, 121 (2016).  When confronted with a
probation violation, a juvenile is entitled to show "that there
was a justifiable excuse for any violation or that revocation is
not the appropriate disposition."  Black v. Romano, 471 U.S.
606, 612 (1985).  Cf. Commonwealth v. Canadyan, 458 Mass. 574,
578-579 (2010) (holding that defendant did not commit willful
violation of probation for failing to wear operable global

4

positioning system [GPS] monitoring device because evidence conclusively established that defendant was homeless and that homeless shelter he was staying at could not accommodate technological requirements of GPS equipment).

It was uncontested that the juvenile was aware of his obligations to meet with the probation officer and that he missed the appointments. The probation officer testified that the juvenile made "no communication of why he missed [them]." Nor did he make any argument that it would have been impossible for him to meet the condition. There was sufficient evidence to hold that the juvenile violated the condition of his probation. See Commonwealth v. Al Saud, 459 Mass. 221, 231 (2011) (affirming revocation of probation where "nothing in the record suggests that the defendant made any effort to contact the department and explain his situation, even by telephone, . . . [n]or did he ask his counsel to contact the department on his behalf").

2. Whereabouts unknown. The juvenile argues that there was insufficient evidence to support a finding that his whereabouts were unknown. He claims that there were no specific details about the probation officer's attempts to contact the juvenile or an explanation as to what specific condition of the probation that he violated. We disagree.

5

The juvenile was served a violation notice and notice of probation detention hearing instructing him to appear on January 18, 2019. Yet, the juvenile made no contact with probation or the court until he was picked up on February 8, 2019. The juvenile's counsel conceded that the juvenile "abscond[ed] for three weeks." Ample evidence supported the judge's finding that the juvenile's whereabouts were unknown.

3. Failed drug screening. In addition to the two probation violations, discussed supra, that we determine were established and justified revoking the juvenile's probation, the judge also noted a third: the defendant's failed drug test. On appeal, the juvenile argues that the drug test should not have been imposed as a condition of probation, and that the drug screening test was unreliable. We need not reach this issue because the judge made clear that she did not base her violation finding on the failed drug screen, that she considered such "collateral information" to be outside "what [she was] focused on." See Commonwealth v. Rainey, 491 Mass. 632, 648-649 (2023) ("[s]eeing no reason to doubt the judge's statement that the GPS violations did not 'drive the result,'" there was no reason to vacate revocation order on this ground). Furthermore, the juvenile is now over the age of eighteen and has finished serving his sentence. Even if we were to agree with the defendant's arguments as to the drug screening, "no purpose

6

could be served by remanding the matter for resentencing, because no effective relief could be granted."  Commonwealth v. Padua, 479 Mass. 1004, 1005 (2018).

Order revoking probation
  affirmed.

By the Court (Milkey, Henry &
  Shin, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:  May 11, 2023.

---

[2] The panelists are listed in order of seniority.